

**FILED**

MAY 2 4 2011



CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           )
                                     )    2:08-cr-00122-GEB
                Plaintiff,           )
                                     )
        v.                           )    ORDER
                                     )
ERIC BROOKS; et al.,                 )
                                     )
                Defendants.          )
_____        )
                                     )
UNITED STATES OF AMERICA,            )    2:07-cr-00571-GEB
                                     )
                Plaintiff,           )
                                     )
        v.                           )
                                     )
CESAR QUINTERO-FELIX; et al.,        )
                                     )
                Defendants.          )
_____        )

        Attorney Dwight M. Samuel's request for $30,981 in attorney's
fees under the Criminal Justice Act ("CJA") in the above captioned cases
is only partially approved for the following reasons.

        I previously sent Mr. Samuel a "Proposed CJA Attorney Fee
Reduction," dated April 1, 2011 ("April Communication"), concerning his
fee request, in which I explained:

        **Based on what I have considered thus far, I propose
        your compensation request be reduced by 15%.** If you
        agree, we need not discuss your billings. If you
        disagree, the above-referenced billings and others

1

> need to be discussed no later than **April 15, 2011**. If you desire to address the proposed reduction orally, contact my courtroom deputy, Shani Furstenau, so that she can schedule the in chambers, on the record hearing. I have questions about additional billings, which are not discussed above. If you elect to speak to me about your billings, I may question you about these other billings on the record.

The April Communication is attached to this Order under the cover sheet marked "April Communication." Pages from the docket text and filings in action 2:08-cr-00122, which are referenced in the April Communication, are also attached to this Order under the cover sheet marked "Documents Referenced in April Communication" for ease of review.

Mr. Samuel did not respond to the April Communication. Nevertheless, I again reviewed some of his billing entries to assure myself that the proposed reduction was appropriate. I have seen that the time Mr. Samuel billed for review of numerous docket entries in action 2:08-cr-00122 is patently excessive. As detailed in the April Communication, he billed twelve minutes to review a one sentence Clerk's minute entry (ECF No. 48), and eighteen minutes to review a five sentence Clerk's minute entry (ECF No. 49). These billings are excessive by at least .1 and .2, respectively. Mr. Samuel also billed twelve minutes to review a seven-line letter to me from his client (ECF No. 58) concerning the client's desire to be present during his wife's appearance "for the moral support." It took me only a minute to read that letter. Additionally, Mr. Samuel billed twelve minutes for "review application and order to seal exhibits" (ECF No. 70) on July 27, 2010. I do not understand how it could take twelve minutes to review this filing, which is comprised of a three sentence request to seal, and one sentence proposed order, especially since it was prepared and filed by

2

1 | Mr. Samuel. Twelve minutes to review this document would be excessive
2 | even if it were prepared by someone else.

3 |        In addition to the examples of over-billing set forth in the
4 | April Communication, the time Mr. Samuel claimed in performing the
5 | following tasks in action 2:07-cr-00571 is excessive and does not
6 | reflect time "reasonably expended . . . in the exercise of reasonable
7 | professional judgment." In re Smith, 586 F.3d at 1171.[1]

| Date | Mr. Samuel's Billing Entry | Time Billed | Comments |
|---|---|---|---|
| 12/20/07 | Review detention order for co-defendant<br><br>(ECF No. 33*) | .2 | Boilerplate "Detention Order" for co-defendant. This billing is excessive by at least .1, meaning that six minutes of the billing is excessive or that the billing is excessive by 50%.<br><br>* With the exception of Minutes fully quoted herein, all filings referenced in this table are attached to this Order under the cover sheet marked "Filings in Action 2:07-cr-00571" so that it can readily be seen that certain of Mr. Samuel's billings are woefully excessive. |
| 12/26/07 | Review notice of related cases<br><br>(ECF No. 37) | .2 | Typical and simple "Related Case Memorandum" (two paragraph pleading). This billing is excessive by at least .1. |
| 1/2/08 | Review minutes, arraignment<br><br>(ECF No. 41) | .3 | Minutes re: arraignment of co-defendant. The Minutes read in their entirety:<br><br>"MINUTES (Text Only) for proceedings held before Judge Edmund F. Brennan :ARRAIGNMENT as to Eric Brooks (8) Count 13-14,16 held on 1/2/2008. NOT GUILTY |

---

[1]     I assume, without deciding, that all referenced billing tasks
reflect "Counsel['s] . . . use [of reasonable and professional billing
judgment when deciding] what charges end[ed] up on the submitted
vouchers." U.S. v. Hagan, No. 07-10180-01 WEB, 2010 WL 1816338, at *6
(D. Kan. May 03, 2010).

3

| | | | |
|---|---|---|---|
| | | | PLEA ENTERED. T2, T4 Start: 1/2/2008 Stop: 1/24/2008, Status Conference set for 1/24/2008 at 09:00 AM in Courtroom 3 (MCE) before Judge Morrison C. England Jr.. Government Counsel Phil Ferrare present. Defense Counsel Clarence E. Mahle for Dwight Samuel present. Custody Status: In custody. Court Reporter/CD Number: 1 of 1. (Callen, V) (Entered: 01/02/2008)" <br><br> This billing is excessive by at least .2; meaning that twelve minutes of the billing is excessive; hence, the billing is excessive by 67%. |
| 3/28/08 | Review substitution of attorney and update records <br><br> (ECF No. 66) | .2 | Simple stipulation and order permitting substitution of counsel for co-defendant (one page). This billing is excessive by at least .1; hence, the billing is excessive by 50%. |
| 8/29/08 | Review minutes from motion hearing <br><br> (ECF No. 210; this docket entry is found between docket Nos. 73 and 74) | .2 | Minutes re: motion to suppress. The Minutes read in their entirety: <br><br> "MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:MOTION HEARING as to Aid Luangrath, Jr held on 8/29/2008. Motion to Suppress denied. Government Counsel Phil Ferrari present. Defense Counsel Michael Long present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 12/21/2009)" <br><br> This billing is excessive by at least .1. |
| 10/10/08 | Review minutes from change of plea <br><br> (ECF No. 74) | .2 | Minutes re: change of plea for co-defendant. The Minutes read in their entirety: <br><br> "MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:CHANGE of PLEA HEARING as to Aid Luangrath, Jr held on 10/10/2008. GUILTY PLEA ENTERED by Aid Luangrath Jr. (9) Guilty as to Count 11 of the Indictment. Plea Agreement filed. Sentencing set for 1/9/2009 at 09:00 AM in Courtroom 10 |

| | | | |
|---|---|---|---|
| | | | (GEB) before Judge Garland E. Burrell Jr. Government Counsel Phil Ferrari present. Defense Counsel Michael Long present. Custody Status: Defendant In Custody. Court Reporter/CD Number: Kimberly Bennett. (Narcisse, M) (17 mins) (Entered: 10/10/2008)"<br><br>This billing is excessive by at least .1. |
| 11/3/08 | Review request for cancellation of motions hearing<br><br>(ECF No. 80) | .2 | Request to Vacate hearing date (one paragraph). This billing is excessive by at least .1. |
| 11/28/08 | Review request for change of calendaring<br><br>(ECF No. 84) | .2 | Request (three lines) for date for change of plea for co-defendant. This billing is excessive by at least .1. |
| 1/9/09 | Review minutes<br><br>(ECF No. 99) | .2 | Minutes re: sentencing of co-defendant. The Minutes read in their entirety:<br><br>"MINUTES for proceedings held before Judge Garland E. Burrell, Jr:SENTENCING held on 1/9/2009 for Jesus Avila-Avila (7), Count(s) 10, Imprisonment 70 months; TSR 36 months; Fine Waived; $100 s/a; Count(s) 6, 9, DISMISSED. Recommendation: dft be placed at facility in Southern CA. Dft Jesus Avila-Avila terminated. Government Counsel Philip Ferrari present. Defense Counsel Gilbert Roque present. Custody Status: Present and in custody. Court Reporter/CD Number: K. Bennett. Interpreter Yolanda Riley-Portal present. (Duong, D) (Entered: 01/14/2009)"<br><br>This billing is excessive by at least .1. |
| 1/15/09 | Review stipulation<br><br>(ECF No. 101) | .2 | Stipulation and proposed order (two paragraphs) to schedule status conference concerning co-defendant. This billing is excessive by at least .1. |

| 1/26/09 | Review judgment and commitment as to co-defendant and order<br><br>(ECF No. 113) | .4 | Form judgment and commitment concerning co-defendant. This billing is excessive by at least .2, meaning that twelve minutes of the billing is excessive or that the billing is excessive by 50%. |
|---|---|---|---|
| 11/13/09 | Review sentencing minutes for Jauregui<br><br>(ECF No. 191) | .2 | Sentencing minutes (one page, form) for co-defendant. This billing is excessive by at least .1. |
| 11/20/09 | Review sentencing minutes RE: Honeycutt<br><br>(ECF No. 195) | .2 | Sentencing minutes (one page, form) for co-defendant. This billing is excessive by at least .1. |

Since the above-listed examples were billed for at a rate at least twice the amount that could arguably be considered reasonable, I propose Mr. Samuel's total compensation be reduced by fifty percent. The above examples of improper requests for payment indicate other billings that cannot easily be evaluated for reasonableness are also tainted by the same measure of inflation. See In re Smith, 586 F.3d 1169, 1174 (9th Cir. 2009)(indicating a presiding judge has authority to make percentage reductions to CJA fee awards when supported by articulated reasoning); Pequero-Moronta v. Gabriel-Santiago, No. 01-1390 (JAF), 2010 WL 1444863, at *2 (D.P.R. Apr. 8, 2010)(stating percentage reduction of fee instead of individual time entry reductions is appropriate in cases with "an evident practice of over-billing across the board").[2]

---

[2]   I also note that each voucher also includes multiple entries
(continued...)

1           "No judge wants to question bills for CJA services . . . ."

2   U.S. v. Sepulveda, 502 F. Supp. 2d 1104, 1110 (D. Mont. 2007). However,

3           Courts cannot simply rubber-stamp every CJA
           voucher that crosses their paths. Every time
4           an attorney submits such a voucher, that
           attorney is asking the U.S. Treasury to dole
5           out a portion of its limited resources. It is
           the role of the Court to scrutinize these
6           requests to properly safeguard precious
           taxpayer funds, or else there is little to
7           prevent taxpayer money from being wasted on
           unreasonable or unnecessary activities by
8           court appointed defense counsel.

9   U.S. v. Mosley, --- F. Supp. 2d ----, 2011 WL 1591491, at *1 (D.N.J.

10   2011)(citations omitted). "Congress enacted the CJA to both assure

11   adequate representation in the Federal courts of accused persons with

12   insufficient means, and afford reasonable compensation to counsel who

13   are assigned." In re Smith, 586 F.3d at 1175 (citation omitted)(internal

14   quotation marks and citations omitted).

15         However, since the April Communication proposed a lesser

16   percentage reduction, Mr. Samuel is provided an additional opportunity

17   to discuss his billings, on-the-record, no later than June 3, 2011. If

18   Mr. Samuel desires to address the proposed reduction orally, he shall

19   contact my courtroom deputy, Shani Furstenau, to schedule an in chambers

20   hearing.

21   ///

22   ///

23

24   [2](...continued)
of time billed for "calendaring," which is a "clerical dut[y] that [is]
25   not reimbursable." U.S. v. Segurola, No. 09-20628-CR-GRAHAM, 2010 WL
4387751, at *4 (S.D. Fla. Oct. 26, 2010)(stating that calendaring is a
26   secretarial expense which is not reimbursable under the CJA whether work
is performed by counsel or other personnel); see also Guidelines for the
27   Administration of the Criminal Justice Act and Related Statutes (the
"CJA Guidelines") § 230.66.10(b)(stating "secretarial" expenses "are not
28   reimbursable" "whether work is performed by counsel or other
personnel").

1           If Mr. Samuel does not respond by June 3, 2011, the proposed

2  fifty percent reduction will become final without further order of the

3  court.

4  Dated:  May 23, 2011

5

6                        GARLAND E. BURRELL, JR.

7                        United States District Judge

# April Communication

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:08-cr-00122-GEB |
| Plaintiff, | ) | |
| v. | ) | PROPOSED CJA ATTORNEY FEE REDUCTION |
| ERIC BROOKS; and OLIVIA WIMMER, | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-cr-00571-GEB |
| Plaintiff, | ) | |
| v. | ) | |
| CESAR QUINTERO-FELIX; JASMIN RUIZ; ARMANDO SANCHEZ; FELIX JAUREGUI; GENARO LUNA; JAMES LAWRENCE HONEYCUTT; JESUS AVILA-AVILA; ERIC BROOKS; and AID LUANGRATH, JR., | ) | |
| Defendants. | ) | |

Attorney Dwight M. Samuel has requested $30,981 compensation, based on vouchers submitted under the Criminal Justice Act ("CJA"). Some of the billing entries are block billings, which "make[] it impossible for the Court to determine how much time was spent on each discrete task and prevents the Court from making an informed decision as to which specific entries are excessive, duplicative, or simply

1

1  erroneous." <u>L.A. Printex Industries, Inc. v. William Carter Co.</u>, No. CV
2  09-2449-JFW (FMOx), 2010 WL 4916634, at *11 (C.D. Cal. Dec 1, 2010).

3          It is reasonable for a district court to conclude
           that a fee applicant submitting block-billed time
4          entries has failed to carry his burden to submit
           evidence which properly documents the hours
5          expended on the litigation because block billing
           makes it more difficult to determine how much time
6          was spent on particular activities.

7  Id. at *12 (internal quotation marks and citation omitted). For example
8  the following block billing entries in 2:07-cr-571 need clarification:
9  the billings for .8 on 12/17/07, .4 on 12/18/07, .3 on 12/27/07, .3 on
10 12/27/07, .5 on 11/24/08, .4 on 11/24/09, and .4 on 12/1/09.

11         Explanation is also requested concerning why .3 is billed on
12 8/14/09, .2 on 8/25/09, the time billed reviewing sentencing minutes of
13 co-defendants on 11/13/09 and 11/20/09, and .2 on 11/23/09 for "review
14 notice of appeal, receipt of $455." Also, it is unclear what the basis
15 is for the "draft memo to continue" billing on 5/25/10, since nothing
16 appears to have been docketed. The basis for the following billing on
17 5/27/10 is also unclear: "review order and notice of service by mail."
18 Nor has sufficient explanation been provided to explain what is meant by
19 the billing on 7/27/10 for "review docket and app to seal."

20         Further, your billings for reviewing Clerk minutes in 2:08-cr-
21 122 (ECF Nos. 48 and 49) are patently excessive, and indicate that other
22 billings which cannot be easily verified also are inflated. You must
23 know this billing is excessive since it does not take twelve minutes to
24 review the one sentence Clerk's minute entry in ECF No. 48, and eighteen
25 minutes to review the five sentence Clerk minutes in ECF No. 49.

26         The following billings in 2:08-cr-122 are also excessive:
27 twelve minutes for "review related case order." This is a seven-line
28 boilerplate order, and an experienced attorney would not take twelve

2

1  minutes to review it. Nor could it have taken you twelve minutes to
2  review a seven-line letter to me (ECF No. 58) from your client
3  concerning his desire to be present during his wife's appearance "for
4  the moral support." It took me only a minute to read that letter. You
5  also state it took you twelve minutes to "review  stipulation by AUSA"
6  filed as ECF No. 69. This is a one sentence stipulation continuing a
7  sentencing hearing. Further, you billed twelve minutes for "review
8  application and order to seal exhibits" (ECF No. 70) on July 27, 2010.
9  I do not understand how it could take twelve minutes to review this
10 document after it was filed, especially since you prepared and filed it.
11 Twelve minutes to review this document would be excessive even if it
12 were prepared by someone else - it is a three sentence request to seal
13 two documents and a one sentence proposed order.

14         During my review of your billings, I also noted that a number
15 of entries included time for "calendaring." Calendaring is a "clerical
16 dut[y] that [is] not reimbursable." U.S. v. Segurola, No. 09-20628-CR-
17 GRAHAM, 2010 WL 4387751, at *4 (S.D. Fla. Oct. 26, 2010)(stating that
18 calendaring is a secretarial expense which is not reimbursable under the
19 CJA whether work is performed by counsel or other personnel). "The [CJA]
20 Guidelines make clear that telephone service, and secretarial expenses
21 associated with CJA representation, whether work is performed by counsel
22 or other personnel, are not reimbursable." Id. (internal quotation marks
23 omitted).

24         Based on what I have considered thus far, I propose your
25 compensation request be reduced by 15%. If you agree, we need not
26 discuss your billings. If you disagree, the above-referenced billings
27 and others need to be discussed no later than April 15, 2011. If you
28 desire to address the proposed reduction orally, contact my courtroom

1  deputy, Shani Furstenau, so that she can schedule the in chambers, on
2  the record hearing. I have questions about additional billings, which
3  are not discussed above. If you elect to speak to me about your
4  billings, I may question you about these other billings on the record.

5  Dated: April 1, 2011

6

7  GARLAND E. BURRELL, JR.
8  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

# Documents Referenced in April Communication

CLOSED

## U.S. District Court
### Eastern District of California - Live System (Sacramento)
### CRIMINAL DOCKET FOR CASE #: 2:08-cr-00122-GEB All Defendants
### Internal Use Only

Case title: USA v. Brooks et al                                Date Filed: 03/13/2008
Magistrate judge case number: 2:08-mj-00008-EFB

Assigned to: Judge Garland E. Burrell,
Jr

## Defendant (1)

**Eric Brooks**                     represented by **Dwight M. Samuel**
                                                   Law Offices of Dwight M. Samuel
                                                   117 J Street
                                                   Suite 202
                                                   Sacramento, CA 95814
                                                   (916) 447-1193
                                                   Fax: (916) 447-0129
                                                   Email: dwightsamuelatty@yahoo.com
                                                   *TERMINATED: 09/03/2010*
                                                   *LEAD ATTORNEY*
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: CJA Appointment*

                                                   **Michael E. Hansen**
                                                   Law Offices of Michael E. Hansen
                                                   711 Ninth Street
                                                   Ste. 100
                                                   Sacramento, CA 95814
                                                   (916) 438-7711
                                                   Fax: (916) 438-7721
                                                   Email: mhansen@criminal-
                                                   defenses.com
                                                   *ATTORNEY TO BE NOTICED*
                                                   *Designation: CJA Appointment*

## Pending Counts                              **Disposition**

CONSPIRACY TO DISTRIBUTE
AND POSSESS WITH INTENT TO
DISTRIBUTE
METHAMPHETAMINE
(1)

USE COMMUNICATIONS

| 07/10/2009 | ●41 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer, Eric Brooks held on 7/10/2009. T4 Start: 7/10/09 Stop: 7/31/09, ( Status Conference set for 7/31/2009 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel Tom Johnson for Wimmer, Dwight Samuel for Brooks present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 07/13/2009) |
|---|---|---|
| 07/29/2009 | ●42 | STIPULATION and PROPOSED ORDER for Continuance of Status Conference to September 4, 2009 by USA. (Ferrari, Philip) (Entered: 07/29/2009) |
| 08/05/2009 | ●43 | STIPULATION and ORDER as to Olivia Wimmer, Eric Brooks signed by Judge Garland E. Burrell, Jr on 8/4/09 re 42 ORDERING that the Status Conference is CONTINUED to 9/4/2009 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr. Excludable started as to Olivia Wimmer, Eric Brooks: XT4 Start: 7/31/09 Stop: 9/4/09. (Duong, D) (Entered: 08/05/2009) |
| 09/02/2009 | ●44 | STIPULATION and PROPOSED ORDER for Continuance of Status Conference to 9/11/09 by Olivia Wimmer. (Johnson, Thomas) Modified on 9/2/2009 (Duong, D). (Entered: 09/02/2009) |
| 09/04/2009 | ●45 | ORDER signed by Judge Garland E. Burrell, Jr on 09/03/09 GRANTING 44 Stipulation as to Olivia Wimmer and Eric Brooks. Status Conference re-set for 9/11/2009 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr. Excludable started as to Olivia Wimmer, Eric Brooks: XT4 Start: 09/03/09 Stop: 09/11/09. (Streeter, J) (Entered: 09/04/2009) |
| 09/11/2009 | ●46 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer, Eric Brooks held on 9/11/2009. T4 Start: 9/11/09 Stop: 2/23/2010, (Jury Trial set for 2/23/2010 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr., Trial Confirmation Hearing set for 2/5/2010 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell Jr. Government Counsel Phil Ferrari present. Defense Counsel Tom Johnson for Olivia Wimmer, Dwight Samuel for Eric Brooks present. Custody Status: In Custody. Court Reporter: Kimberly Bennett. (Jones, LeKeshia) (Entered: 09/11/2009) |
| 10/29/2009 | ●47 | LETTER from Olivia Wimmer. (Matson, R) (Entered: 10/30/2009) |
| 11/05/2009 .2 | ●48 | MINUTE ORDER: A status re: counsel for defendant Olivia Wimmer is scheduled for 11/13/09, at 9:00 a.m. re 47 Letter/Correspondence Ordered by Judge Garland E. Burrell, Jr on 11/5/09. (Furstenau, S) (Entered: 11/05/2009) |
| 11/13/2009 .3 | ●49 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer held on 11/13/2009. Tom Johnson relieved as counsel, J. Toney substituted in as counsel for Olivia Wimmer. T4 Start: 11/13/09 Stop: 12/4/09, ( Status |

| | | |
|---|---|---|
| | | Conference set for 12/4/2009 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel J. Toney present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 11/13/2009) |
| 11/24/2009 | ● 50 | REQUEST for *Matter Be Set for Change Of Plea (12-04-09)* by USA as to Olivia Wimmer, Eric Brooks (Ferrari, Philip) (Entered: 11/24/2009) |
| 11/24/2009 | ● | (Court only) CHANGE OF PLEA HEARING as to Eric Brooks is SET for 12/4/2009 at 09:00 AM per the parties' Request 50 . (Mena-Sanchez, L) (Entered: 12/03/2009) |
| 12/04/2009 | ● 51 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer held on 12/4/2009., ( Status Conference set for 1/8/2010 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel J. TToney present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 12/04/2009) |
| 12/04/2009 | ● 52 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer, Eric Brooks held on 12/4/2009. T4 Start: 12/4/09 Stop: 1/8/10, ( Status Conference set for 1/8/2010 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel Dwight Samuel present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 12/04/2009) |
| 12/09/2009 | ● 53 | CJA 20 APPOINTING ATTORNEY signed by Judge Garland E. Burrell, Jr on 11/13/09 appointing J Toney as to Olivera Wimmer and terminating attorney Thomas A. Johnson. (Owen, K) (Entered: 12/11/2009) |
| 01/08/2010 | ● 54 | MINUTES (Text Only) for proceedings held before Judge Garland E. Burrell, Jr:STATUS CONFERENCE as to Olivia Wimmer held on 1/8/2010., ( Status Conference set for 1/29/2010 at 09:00 AM before Judge Garland E. Burrell Jr..) Government Counsel Phil Ferrari present. Defense Counsel J. Toney present. Custody Status: In Custody. Court Reporter/CD Number: Kimberly Bennett. (Furstenau, S) (Entered: 01/12/2010) |
| 01/08/2010 | ● 55 | MINUTES for proceedings held before Judge Garland E. Burrell, Jr: CHANGE of PLEA HEARING as to Eric Brooks held on 01/08/10. Eric Brooks (1) entered GUILTY PLEA on Count 1. Sentencing set for 03/26/10 at 09:00 AM in Courtroom 10 (GEB) before Judge Garland E. Burrell, Jr. Government Counsel Phil Ferrari present. Defense Counsel Dwight Samuel present. Custody Status: present, in custody. Court Reporter/CD Number: Kimberly Bennett. (Benson, A.) (Entered: 01/13/2010) |
| 01/13/2010 | ● 56 | SCHEDULE of DISCLOSURE for PSR as to Eric Brooks. (Furstenau, S) (Entered: 01/13/2010) |
| 01/14/2010 | ● 57 | PLEA AGREEMENT as to Eric Brooks. (Benson, A.) (Entered: |

· 2

FILED

JAN 2 2 2010

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

2/14/10

Dear, honorable, Judge Burrell, Jr

Your, honor I would like to have a minute of your time.
Me and my wife was present in your Court on 1/8/10 when I
Plead? However after Court I was having a Conversation with my
wife about me being present during her next Court appearance
for the moral Support for her.

T Spoke to my attorney on 1/13/10 and i explained
to mr. Samuel I would like to be present when my wife inters
her Plea. He Said right away that probably wouldn't be possible.
So, i would like to See if possible you Could put me on Calender
This month? I believe mr. Samuel's is going to fill in for
mr J. toney?

Your honor this will mean alot to me. my wife has never
been in a Situation like this and She is very Stressed out,
and I need to Support her much as I possibly Can.
I feel terrible for her being in this Situation because of
me your honor. This will be highly appreciated!

Sincerely

*2*

1  BENJAMIN B. WAGNER
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,      )      CR. No. S 08-122 GEB
                                   )
12                Plaintiff,       )      STIPULATION CONTINUING HEARING
                                   )      ON JUDGMENT AND SENTENCE
13        v.                       )
                                   )
14  ERIC BROOKS, and              )
    OLIVIA WIMMER,                 )
15                                 )      Date: September 10, 2010
                  Defendants.      )      Time: 9:00 a.m.
16  _____ )      Hon.  Garland E. Burrell, Jr.

17

18       It is hereby stipulated by and between the United States of

19  America through its attorneys, and defendants Eric Brooks and Olivia

20  Wimmer and their attorneys, that the hearing on Judgment and

21  Sentence for both defendants, currently set for July 23, 2010, be

22  continued to September 10, 2010.

23  DATED: July 20, 2010              /s/ Philip Ferrari for
                                      J. TONEY, ESQ.
24                                    Attny. for Olivia Wimmer

25

26  DATED: July 20, 2010              /s/ Philip Ferrari for
                                      DWIGHT SAMUEL, ESQ.
27                                    Attny. for Eric Brooks

28  ///

                                 -1-

1  DATED: July 20, 2010            BENJAMIN B. WAGNER
                                   United States Attorney
2

3                                  By: /s/ Philip Ferrari
                                       PHILIP A. FERRARI
4                                      Assistant U.S. Attorney

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

• Z

1  DWIGHT M. SAMUEL (CA SB# 054486)
   A Professional Corporation
2  117 J Street, Suite 202
   Sacramento, California 95814-2282
3  916-447-1193

4  Attorney for Defendant
   ERIC BROOKS
5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                 IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  UNITED STATES OF AMERICA,    )        No. CR-S-08-122 GEB
                                 )
13                               )        DEFENDANT'S APPLICATION AND
                   Plaintiff,    )        ORDER TO SEAL DEFENDANTS'
14                               )        EXHIBIT IN SUPPORT OF COUNSEL'S
           v.                    )        MOTION TO BE RELIEVED AS
15                               )        ATTORNEY OF RECORD
    ERIC BROOKS,                 )
16                               )        Hearing:
                   Defendant,    )        Date: August 6, 2010
17                               )        Time: 9:00 AM
                                 )        Hon. Garland E. Burrell
18
            DWIGHT M. SAMUEL, attorney of record for ERIC BROOKS, defendant herein, hereby
19
    applies for an order to seal DWIGHT M. SAMUEL's Exhibits A and B in support of his motion
20
    to be relieved as attorney of record. This application is made because the exhibit sought to be
21
    sealed contains confidential and identifying information and would be in violation of the
22
    attorney's obligation of confidentiality. A hard copy of the defendant's exhibit will be provided
23
    to government counsel.
24
    Respectfully submitted,
25
    Dated: July 27, 2010
26
                                          /s/ Dwight M. Samuel
27                                        DWIGHT M. SAMUEL
                                          Attorney for Defendant, Bismark Ocampo
28

1          <u>ORDER</u>

2          For the reasons stated in the application set forth above, the Court hereby orders

3    defendant's Exhibits A and B in support of their motion to be relieved as attorney of record is

4    hereby ordered sealed until further order of the Court.

5          Date: _____, 2010

6

7                                                    Hon. Garland E. Burrell
                                                     U.S. District Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Filings in Action 2:07-cr-00571

Case 2:07-cr-00571-GEB Document 33 Filed 12/20/07 Page 1 of 2

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA



**FILED**

**DEC 1 9 2007**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | MAG. 07-0384-EFB |
| ) | |
| v. ) | |
| ) | |
| : ) | **DETENTION ORDER** |
| JAMES LAWRENCE HONEYCUTT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

A. **Order For Detention**

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f) of the Bail Reform Act, the Court orders the above-named defendant detained pursuant to 18 U.S.C. § 3142(e) and (I)

B. **Statement Of Reasons For The Detention**

The Court orders the defendant's detention because it finds:

☒ By a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ By clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

C. **Findings Of Fact**

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:

☒ (1) Nature and Circumstances of the offense charged:

    ☐ (a) The crime._____

    ☐ (b) The offense is a crime of violence._____

    ☒ (c) The offense involves a narcotic drug.

    ☒ (d) The offense involves a large amount of controlled substances.

☐ (2) The weight of the evidence against the defendant is high.

☐ (3) The history and characteristics of the defendant including:

    (a)    General Factors:

        ☐ The defendant appears to have a mental condition which may affect whether the defendant will appear.

        ☐ The defendant has no known family ties in the area.

        ☐ The defendant has no known steady employment.

        ☐ The defendant has no known substantial financial resources.

        ☐ The defendant is not a long time resident of the community.

        ☐ The defendant does not have any known significant community ties.

        ☐ Past conduct of the defendant:_____

        ☒ The defendant has a history relating to drug abuse.

        ☐ The defendant has a significant prior criminal record.

        ☐ The defendant has a prior record of failure to appear at court proceedings.

☐ Court/Original      ☐ U.S. Attorney      ☐ Defense Counsel      ☐ Pretrial Services

Whether the defendant was on probation, parole, or release by a court;

        At the time of the current arrest, the defendant was on:
- ☐ Probation
- ☐ Parole
- ☐ Release pending trial, sentence, appeal or completion of sentence.

    **(b)**   Other Factors:
- ☐ The defendant is an illegal alien and is subject to deportation.
- ☐ The defendant is a legal alien and will be subject to deportation if convicted.
- ☐ Other: _____

☒  **(4)** <u>Rebuttable Presumptions</u>

In determining that the defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e), which the court finds the defendant has not rebutted:

☒  a. (1) The crime charged is one described in § 3142(f)(1) <u>viz</u>.
- ☐ (A) a crime of violence; or
- ☐ (B) an offense for which the maximum penalty is life imprisonment or death; or
- ☒ (C) a controlled substance violation that has a maximum penalty of ten years or more; or
- ☐ (D) a felony and defendant previously was convicted of two or more of the offenses described in (A) through (C) above <u>and</u>

    (2) Defendant previously has been convicted of one of the crimes listed in subparagraph (1)(A)-(C), above <u>and</u>

    (3) The offense referred to in subparagraph (2) was committed while defendant was on release pending trial <u>and</u>

    (4) Not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☒  b. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed
- ☒ in the Controlled Substances Act, 21 U.S.C. §§ 801, et seq.,
- ☐ the Controlled Substances Import and Export Act, 21 U.S.C. §§ 951, et seq.,
- ☐ the Maritime Drug Law Enforcement Act, 46 U.S.C. App. §§ 1901, et seq., or
- ☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b.
- ☐ an offense under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**D.**   <u>Additional Directives</u>

Pursuant to 18 U.S.C. § 3142(i)(2)-(4), the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DATED: 12-19-07

UNITED STATES MAGISTRATE JUDGE

1 | McGREGOR W. SCOTT
United States Attorney
2 | PHILIP A. FERRARI
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2744

5

6

7               IN THE UNITED STATES DISTRICT COURT

8           FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 | UNITED STATES OF AMERICA,   )    CR. NO. 07-571 MCE
                         )
11 |           Plaintiff,   )
                         )
12 |     v.                 )
                         )    RELATED CASE MEMORANDUM
13 | CESAR QUINTERO-FELIX;      )
JASMIN RUIZ;              )
14 | ARMANDO SANCHEZ;         )
FELIX JAUREGUI;           )
15 | GENARO LUNA;             )
JAMES LAWRENCE HONEYCUTT; · )
16 | JESUS AVILA-AVILA;       )
ERIC BROOKS; and         )
17 | AID LUANGRATH, JR.,      )
                         )
18 |           Defendants.   )
                         )
19

20 | IN THE MATTER OF THE     )    SW-07-251 GEB
APPLICATION OF THE UNITED  )
21 | STATES OF AMERICA FOR AN   )
ORDER AUTHORIZING THE     )
22 | APPLICATION FOR INTERCEPTION  )
OF WIRE COMMUNICATIONS    )
23 |                                )

24
     The United States of America, through its undersigned counsel,
25
As'sistant United States Attorney Philip A. Ferrari, hereby gives
26
notice that the above-captioned cases appear to be related within
27
the meaning of Local Rule 83-123. The Indictment in Cr.S. 07-571
28

                              1

1  MCE charges conduct stemming from an investigation conducted by the
2  Drug Enforcement Administration during which the interception of
3  communications was authorized by the Honorable Chief Judge Garland
4  E. Burrell, Jr. (SW-07-251 GEB).  Accordingly, both actions involve
5  the same parties and events.

6      For the foregoing reasons, the United States believes that the
7  cases are related and substantial judicial economy will be achieved
8  by assignment to one district court judge.

9

10  DATED: December 26, 2007              McGREGOR W. SCOTT
                                        United States Attorney
11

12                                      By: /s/ Philip A. Ferrari
                                        PHILIP A. FERRARI
13                                      Assistant U.S. Attorney

14

15                                          ' (

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    2

Law Offices of Gregory P. Spano
1717 4th Street, Third Floor
Santa Monica, CA 90401
Telephone: (310) 980-5857
Fax: (310)586-7447
E-mail: Greg.Spano@gmail.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | | CASE NUMBER |
|---|---|---|
| UNITED STATES OF AMERICA v. | Plaintiff(s) | 2:07-cr-00571 |
| JASMIN RUIZ, et.al., | Defendant(s). | REQUEST AND ORDER ON REQUEST FOR APPROVAL OF SUBSTITUTION OF ATTORNEY |

Defendant Jasmin Ruiz, presently represented by Steven D. Bauer, attorney of record, hereby

requests that this Court accept the substitution of Gregory P. Spano, retained counsel, as

attorney of record for all purposes. Attorney Gregory P. Spano joins the request.

Date: March 25, 2008          /s/ Jasmine Ruiz
                              JASMIN RUIZ

Date: March 25, 2008          /s/ Gregory P. Spano
                              Gregory P. Spano

Date: March 27, 2008          /s/ Steven D. Bauer
                              Steven D. Bauer

## ORDER

IT IS SO ORDERED.

Dated:  March 28, 2008

GARLAND E. BURRELL, JR.
United States District Judge

1  McGREGOR W. SCOTT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11

12
   UNITED STATES OF AMERICA,      )      CR. No. S-07-571 GEB
13                                 )
                 Plaintiff,        )      GOVERNMENT'S REQUEST TO VACATE
14                                 )      NOVEMBER 7, 2008 MOTIONS
            v.                     )      HEARING
15                                 )
   CESAR QUINTERO-FELIX, et al.,   )
16                                 )      Date: November 7, 2008
                 Defendants.       )      Time: 9:00 a.m.
17  _____)      Hon. Garland E. Burrell, Jr.

18

19      On July 11, 2008, the parties in the above-referenced matter

20  appeared before the Court and requested a schedule for both defense

21  motions and a jury trial.  The Court ordered that any defense

22  motions be filed on or before August 29, 2008, and set a hearing for

23  such motions on November 7, 2008.  Only one defendant, Aid Luangrath

24  Jr., filed such a motion, and it was heard on a separate schedule

25  and ultimately denied.  Because there are no pending motions, the

26  Government requests that the Court vacate the November 7 motions

27  hearing.  The Government has informed counsel for each of the

28  remaining defendants of this request, and none has indicated any

                                    1

1 | objection to it.  The Government anticipates that the previously set
2 | dates for the trial confirmation hearing and jury trial will remain
3 | as set.

4 | Dated: November 3, 2008                    Respectfully submitted,

5 |                                            McGREGOR W. SCOTT
                                               U.S. ATTORNEY
6 |

7 |
                                    by:    ___/s/ Philip A. Ferrari____
8 |                                        PHILIP A. FERRARI
                                           Assistant U.S. Attorney
9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

2

1  McGREGOR W. SCOTT
   United States Attorney
2  PHILIP A. FERRARI
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2744

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

12  UNITED STATES OF AMERICA,     )    Case. No. CR-S-07-571 GEB
                                  )
13              Plaintiff,        )
                                  )    REQUEST FOR CALENDARING CHANGE
14                                )    OF PLEA
         v.                       )
15                                )
    GENARO LUNA,                  )
16                                )    Date: December 12, 2008
                Defendant.        )    Time: 9:00 a.m.
17                                )    Hon. Garland E. Burrell, Jr.
                                  )
18

19

20        The United States of America and defendant Genaro Luna hereby

21  request that this case be placed on the Court's December 12, 2008,

22  9:00 a.m. calendar so that Mr. Luna may enter a change of plea.

23  DATED: November 28, 2008          McGREGOR W. SCOTT
                                      United States Attorney
24

25                            By:  /s/ Philip A. Ferrari
                                   PHILIP A. FERRARI
26                                 Assistant U.S. Attorney

27

28

                                  1

1  DANIEL J. BRODERICK, Bar #89424
   Federal Defender
2  JEFFREY L. STANIELS, Bar #91413
   Assistant Federal Defender
3  Designated Counsel for Service
   801 I Street, 3rd Floor
4  Sacramento, California 95814
   Telephone: (916) 498-5700
5

6. Attorney for Defendant
   FELIX JAUREGUI
7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12
   UNITED STATES OF AMERICA,        )  No. 2:07-cr-571 GEB
13                                   )
                    Plaintiff,       )  STIPULATION AND [PROPOSED] ORDER
14                                   )  SETTING STATUS CONFERENCE
        v.                           )
15                                   )
   FELIX JAUREGUI,                   )  Date:  January 23, 2009
16                                   )  Time:  9:00 a.m.
                    Defendant.       )  Judge: Hon. Garland E. Burrell, Jr.
17                                   )
                                     )
18

19      It is hereby stipulated and agreed to between the United States of

20  America through Philip A. Ferrari, Assistant United States Attorney,

21  and FELIX JAUREGUI, by and through his counsel, JEFFREY L. STANIELS,

22  Assistant Federal Defender, that the above captioned case be placed on

23  this court's calendar for January 16, 2009, for a status conference

24  with regard to status of counsel. Mr. Jauregui and undersigned counsel

25  are at an impasse on how to proceed, and Mr. Jauregui has advised he

26  wants to hire his own attorney and that efforts are underway to do so.

27      It is not necessary to exclude time in connection with this

28  request.  Time has already been excluded until January 23, 2009, by

1 | separate order of the court.

2 |     IT IS SO STIPULATED.

3 | Dated: January 12, 2009

                            Respectfully submitted,

4

5 |                             DANIEL J. BRODERICK
                            Federal Defender

6 |                             /s/ JEFFREY L. STANIELS
                            JEFFREY L. STANIELS

7 |                             Assistant Federal Defender
                            Attorney for Defendant

8 |                       /    FELIX JAUREGUI

9

10 | Dated: January 12, 2009

11 |                             LARRY BROWN
                            Acting United States Attorney

12

13 |                             /s/ PHILIP FERRARI
                            PHILIP A. FERRARI

14 |                             Assistant U.S. Attorney
                            Bb JLS per e-mail authority

15

16 |                    **O R D E R**

17 |     IT IS SO ORDERED.

18

19 | Dated:  January 14, 2009

20

21 |                 GARLAND E. BURRELL, JR.
                United States District Judge

22

23

24

25

26

27

28

Stip & Order                   **2**

# United States District Court

## Eastern District of California

UNITED STATES OF AMERICA
v.
**JESUS AVILA-AVILA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **2:07-CR-00571-7**

Gilbert Roque
Defendant's Attorney

### THE DEFENDANT:

[✔]   pleaded guilty to count(s): 10 of the Indictment .

[ ]   pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[ ]   was found guilty on count(s) ___ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a) | Distribution of Methamphetamine **(CLASS A FELONY)** | 10/01/2007 | 10 |

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]   The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).

[✔]   Count(s) 6 & 9 of the Indictment  (is)(are) dismissed on the motion of the United States.

[ ]   Indictment is to be dismissed by District Court on motion of the United States.

[ ]   Appeal rights given.          [✔]   Appeal rights waived.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/9/2009
Date of Imposition of Judgment

Signature of Judicial Officer

**GARLAND E. BURRELL, JR.**, United States District Judge
Name & Title of Judicial Officer

January 23, 2009
Date

AO 245B-CAED (Rev. 3/04) Sheet 2 - Imprisonment GEB Document 113 Filed 01/26/09 Page 2 of 6

| CASE NUMBER: | 2:07-CR-00571-7 | Judgment - Page 2 of 6 |
|---|---|---|
| DEFENDANT: | JESUS AVILA-AVILA | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  70 months .

[✔]  The court makes the following recommendations to the Bureau of Prisons:
The Court recommends that the defendant be incarcerated in a Southern California facility, but only insofar as this accords with security classification and space availability.

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.
If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.  .

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

| CASE NUMBER: | 2:07-CR-00571-7 | Judgment - Page 3 of 6 |
|---|---|---|
| DEFENDANT: | JESUS AVILA-AVILA | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release (unsupervised if deported) for a term of __36 months__.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✓] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✓] The defendant shall submit to the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ] The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student. (Check, if applicable.)

[ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED (Rev. 3/04) Sheet 3 - Supervised Release   Document 113   Filed 01/26/09   Page 4 of 6

| | | |
|---|---|---|
| CASE NUMBER: | 2:07-CR-00571-7 | Judgment - Page 4 of 6 |
| DEFENDANT: | JESUS AVILA-AVILA | |

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States Probation Officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. Pursuant to 18 USC 3583(d)(3), upon completion of the term of imprisonment, the defendant is to be surrendered to a duly authorized Immigration official for deportation proceeding in accordance with the established procedures provided by the Immigration and Nationality Act. If ordered deported, during the term of supervised release, the defendant shall remain outside the United States and shall not re-enter the United States without the consent of the Attorney General or the Secretary of the Department of Homeland Security of the United States.

   Upon any re-entry, lawful or unlawful, into the United States, the defendant shall report in person to the United States Probation Office in the Eastern District of California within 72 hours.

3. The defendant shall register, as required in the jurisdiction in which he resides, as a drug offender.

CASE NUMBER: 2:07-CR-00571-7                                              Judgment - Page 5 of 6
DEFENDANT: JESUS AVILA-AVILA

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ n/a | $ n/a |

[] The determination of restitution is deferred until __. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ __ | $ __ | |

[] Restitution amount ordered pursuant to plea agreement $ __

[] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[] The interest requirement is waived for the       [] fine       [] restitution

[] The interest requirement for the       [] fine   [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

CASE NUMBER:      2:07-CR-00571-7                                                    Judgment - Page 6 of 6
DEFENDANT:        JESUS AVILA-AVILA

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    [ ] Lump sum payment of $ __ due immediately, balance due

     [ ]      not later than __ , or
     [ ]      in accordance with       [ ] C,    [ ] D,    [ ] E, or       [ ] F below; or

B    [✔]      Payment to begin immediately (may be combined with      [ ] C,    [ ] D, or [ ] F below); or

C    [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years),
     to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

D    [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years),
     to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from
     imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time;
     or

F    [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary
penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau
of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several
Amount, and corresponding payee, if appropriate:

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

# UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.: 07-0571-GEB |
| v. | Date of Hearing: November 13, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **FELIX JAUREGUI** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government:**

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn:**
Yolanda Riley-Portal

**For the Defendant(s):**

Jeff Staniels,
[x] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant:**
[x] Present   [x] In Custody   [] Not in Custody   [] O/R   [] Bail   [] No Appearance   [] Waived   [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the Indictment Plea entered January 16, 2008.**

imprisonment:     168 months

surrender date:     __

term of supervised release:     60 months

recommendation:  California Institution                    deft fined: __   [x] fine waived.

restitution:     __                                                      payable to: __

special assessment:   100                                      bail exonerated:  __

right to appeal given: Yes                                     [] appeal rights waived.

Special Conditions:   See J & C Order

**Other:        Government's motion to Dismiss remaining counts as to this defendant granted.**

Proceeding Time: 20 minutes

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**
Before the Honorable Garland E. Burrell

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL MINUTES** |
| | Case No.: 07-571-GEB |
| v. | Date of Hearing: November 20, 2009 |
| | Deputy Clerk: Shani Furstenau |
| **JAMES HONEYCUTT** | Court Reporter/ECRO: Kimberly Bennett |

_____/

**For the Government:**

Phil Ferrari,
Assistant United States Attorney

**Interpreter Previously Sworn:**

**For the Defendant(s):**

Krista Hart,
[] Assistant Federal Defender
[] Appointed   [] Retained

**Defendant:**

[x] Present   [x] In Custody   [] Not in Custody   [] O/R   [] Bail   [] No Appearance   [] Waived   [] Failed to Appear

---

**JUDGMENT AND SENTENCING to Count(s) 1 of the Indictment Plea entered December 5, 2008.**

imprisonment:   47 months

surrender date:   __

term of supervised release:   36 months

recommendation: Sheridan, Oregon & 500 hr. Drug Treatment

deft fined: __   [] fine waived.

restitution:   __

payable to: __

special assessment:   100

bail exonerated:   __

right to appeal given: No

[x] appeal rights waived.

Special Conditions: See J & C Order

**Other:   Government's Motion to Dismiss Count 15 granted.**

---

Proceeding Time: 10 minutes